IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY,  :
    Petitioner,  :
    v.  : Case No. 3:09-cv-80-MBC-KAP
RANDALL BRITTON, SUPERINTENDENT, :
S.C.I. HOUTZDALE,  :
    Respondent  :

## Report and Recommendation

### Recommendation

Petitioner was, until July 26, 2009, incarcerated at S.C.I. Houtzdale, serving an aggregate term of 2-6½ years imprisonment imposed on January 28, 2003, by the Court of Common Pleas of Somerset County. In March 2009 petitioner filed a petition for a writ of habeas corpus, docket no. 3. I recommend that the petition be denied and a certificate of appealability be denied.

### Report

Petitioner has in the past decade had many different civil suits and petitions for habeas corpus pending in this court, all of them related to the several criminal prosecutions against petitioner in Court of Common Pleas of Somerset County. This habeas corpus petition is related to Somerset County Criminal No. 463 of 2002. Petitioner previously filed a petition attacking that prosecution at <u>Shelley v. Patrick</u>, Case No. 3:05-cv-293-MBC-KAP (W.D. Pa). That petition was dismissed on May 30, 2008, as unexhausted because there were proceedings pending in the Pennsylvania Superior Court, specifically petitioner's appeal from

the denial of his petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 et seq. Several months later, the Pennsylvania Superior Court affirmed the denial of the PCRA petition in Commonwealth v. Shelley, No. 540 WDA 2008 (Pa.Super. January 22, 2009). Petitioner then proceeded to file his petition in this court pro se, while his counsel filed a petition for allocatur in the Pennsylvania Supreme Court, which that court denied. See Commonwealth v. Shelley, No. 77 WAL 2009 (Pa. August 26, 2009). I am doubtful that such a two track procedure is permissible, but the petition must be dismissed for other reasons.

I

While the petitioner pursued both state and federal remedies, he had served his maximum sentence and been released from prison. There appear to be no other criminal sentences the length of which would be affected by petitioner's fully served sentence. Because the case or controversy clause of Article III Section 2 of the Constitution limits the jurisdiction of this court to remedying injuries that can be redressed with a favorable judicial decision, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), plaintiff's release from prison moots his petition unless petitioner has some actual injury from the collateral consequences of his conviction, such as the loss of the right to vote, or to serve as a juror. See Carafass v. Lavallee, 391 U.S. 234, 237 (1968); Lane v. Williams,

455 U.S. 624, 632 (1982)(collateral consequences must be legal injuries). Petitioner already had misdemeanor convictions prior to the one he attacks here, so the conviction under attack cannot be presumed to be a basis for any collateral legal disabilities. On July 31, 2009, I ordered petitioner to explain why the petition is not moot. docket no. 8. In his August 21, 2009, response, docket no. 10, petitioner failed to assert any present or threatened injury that could be corrected with a favorable decision. Rather, Petitioner stated as follows:

> 1. Quoted, by <u>Memorandum Order</u> dated <u>July 31, 2009</u>, Petitioner must decided whether he desires to proceed in <u>Federal</u> or <u>State Court</u>, Petitioner filed the Writ of Habeas Corpus Petition because Petitioner <u>Wish To Continue</u> in the <u>Federal Court System</u>, and has tried for the <u>Past 7 years</u> AND HAS <u>NEVER BEEN EXPECTED</u> and now should be aloud a <u>Evidentiary Hearing Claim</u> in Federal Court in <u>Johnstown/Pittsburgh</u>.
> 2. Quoted, by <u>Rule AND Order, 21st Day of April, 2009</u>, within <u>Forty Days</u> of service of this Rule and Order, Respondent, through the District Attorney of Somerset County, shall file a Response complying with Rule 5 of The Rules Governing Habeas Corpus Cases under Section 2254 in the United States District Courts showing cause, if any, why the writ should not be granted. Petitioner would like to know why <u>Never</u> No Reply of Answer to <u>Rule</u> AND <u>ORDER</u> By the Respondents, or even a <u>Order</u> as to <u>Rule 5</u> of the Governing Habeas Corpus Cases Under Section 2254 in the United States District Courts showing cause, or as to order to supplemental documentation to be supplied to the U.S. District Magistrate pursuant to the Report and Recommendation of <u>May 15, 2008</u> <u>Case no. 3:05-cv-293-MBC-KAP</u> as to "Sanction" Order by the Honorable Judge Keith A. Pesto, United States Magistrate Judge. There has never been "<u>No Sanctions</u>"
> 3. Please review the Petition for Writ of Habeas Corpus supporting arguments of facts to claims <u>Enclosed</u>. Petitioner has never had effective counsler as to Attorney Edward Iseman ESQ as to hearings <u>Feburary 25</u>

and 27, 2008 as to a P.C.R.A. <u>Evidentiary Hearing Claims</u> of Case No. <u>656-CR-1997</u>, <u>No. 466-CR-2000</u>, <u>No. 463-CR-2002</u>.

Petitioner then attached 138 pages of documents he has filed in the other cases he has filed over the years, many of which have no relationship to the conviction at Somerset County Criminal No. 463 of 2002. Petitioner's filings show that he believes that his filings need not be related to that conviction, and that if he continues to attack his fully expired convictions from 1998 and 2000, see <u>Shelley v. Mapes</u>, Case No. 3:02-cv-237-MBC-KAP (W.D.Pa), <u>certificate of appealability denied</u> No. 05-1908 (3d Cir.2005), or sue the participants, see e.g. <u>Shelley v. Sprowls</u>, Case No. 3:01-cv-226-MBC-KAP (W.D.Pa), <u>appeal dismissed</u>, No. 05-1909 (3d Cir.2005), he will eventually prevail. The petition should be denied as moot.

II

If the petition were not moot, it would be procedurally barred. On November 7, 2002, petitioner was convicted at Somerset County Criminal No. 463 of 2002 of two counts of stalking (a first degree misdemeanor) and two counts of harassment (a summary offense) in a jury trial presided over by a visiting senior judge, Honorable J. Quint Salmon. Judge Salmon sentenced petitioner on January 28, 2003, to two 90 day sentences on the harassment charges consecutive to two consecutive 1-3 year sentences on the stalking charges. At the same time Judge Salmon had two parole revocation

petitions from petitioner's earlier sentences pending before him. At Somerset County Criminal No. 656 of 1997, petitioner had been sentenced on July 7, 1998, to 2-23 months for simple assault; at Somerset County Criminal No. 466 of 2000, petitioner had been sentenced on December 5, 2000, to 2-12 months for disorderly conduct. On these parole revocations, Judge Salmon said that "any further sentence by us is suspended" and those sentences long have long since expired. See January 28, 2003, Sentencing Transcript for Somerset County Criminal No. 463 of 2002 at 21.

Judge Salmon sentenced petitioner on Somerset County Criminal No. 463 of 2002 in the aggravated range for the two misdemeanor convictions and ran the sentences consecutively, based on what he believed was conduct that showed "no sensitivity to" the victim's right to be let alone. The record in this case and in petitioner's attempt to sue the arresting officers in this case, see Shelley v. Wilson, Case No. 3:04-cv-02-MBC-KAP (W.D. Pa), appeal dismissed, No. 09-1193 (3d Cir.2009), supports Judge Salmon's decision. On January 25, 2002, Pennsylvania State Trooper Terry Wilson filed a complaint with a district justice in Somerset County, charging plaintiff with violating 18 Pa.C.S.§ 2706 (terroristic threats), 18 Pa.C.S.§ 2709(b)(1)(stalking with intent to place in fear of bodily harm) and (b)(2)(stalking with intent to cause emotional distress) and 18 Pa.C.S.§ 2709(a)(3) (harassment). The complaint alleged that petitioner had repeatedly

driven near the residence of a neighbor, Teresa Stein, in the afternoon and evening of January 6, 2002, stopping, and screaming obscenities and threats. Stein told police that this had happened before, and she dropped off a videotape she said she had made of plaintiff's actions from the driver's seat of his vehicle. Wilson and Trooper Jeffrey Brock conducted surveillance from inside the victim's residence on January 11, 2002 and January 12, 2002. Wilson witnessed plaintiff driving past the victim's residence and on one occasion stopping to tell Stein "you don't deserve to live, bitch." Brock witnessed petitioner tell Stein "you fucking bitch, you don't deserve to live." The troopers videotaped some of petitioner's conduct.

Plaintiff retained Jerome Kaharick, Esquire, who was successful in suppressing the videotape made by the troopers. After trial, at which petitioner did not testify, petitioner was acquitted on the terroristic threats charges and the stalking (intent to place in fear) charges, and convicted on the stalking (intent to cause emotional distress) charges and harassment charges. Kaharick represented petitioner in his direct appeal, raising a sufficiency of the evidence claim (in two different arguments). See Appellant's Brief, Commonwealth v. Shelley, No. 423 WDA 2003. The Pennsylvania Superior Court reviewed the trial record and affirmed the conviction and sentence on May 6, 2004. Commonwealth v. Shelley, No. 423 WDA 2003 (Pa.Super. May 6, 2004).

(The Superior Court's opinion indicates that the panel appears to have been under the impression that there was only one harassment charge.) The Pennsylvania Supreme Court denied Kaharick's petition for review on behalf of petitioner on October 1, 2004. <u>Commonwealth v. Shelley</u>, No. 302 WAL 2004 (Pa. October 1, 2004).

Petitioner then, in February 2006, filed his first PCRA petition. Pending at the same time were two other PCRA petitions filed by petitioner attacking the earlier convictions for which Judge Salmon had revoked parole without further penalty. Another visiting senior judge, Honorable William Henry, received the petition and appointed Edward Iseman, Esquire, counsel for petitioner. Judge Henry conducted an evidentiary hearing on February 25 and 26 of 2008, at which the Commonwealth moved to dismiss all of the PCRA petitions either because the sentences had expired or because the petition was untimely. At the hearing, Kaharick appeared and explained not only his trial strategy for Somerset County Criminal No. 463 of 2002, but also the reasons why he had advised petitioner not to testify at trial and why Kaharick had called one of plaintiff's proposed witnesses (Mark Putman) but not other proposed witnesses. In sum, Kaharick's strategy was to call Putman to testify to a prior friendly relationship between petitioner and Stein, but to keep petitioner and his proposed character witnesses off the stand because of petitioner's history of criminal conduct.

Judge Henry denied relief on February 27, 2008. He denied the PCRA petitions on the earlier cases "as a matter of law," i.e. because those sentences had expired, and denied the PCRA petition at Somerset County Criminal No. 463 of 2002 on the merits, finding that Kaharick had been effective.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), was intended to amend practice under 28 U.S.C.§ 2254 to "...prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Stated otherwise, "AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, __ U.S. __, 2010 U.S. LEXIS 3675 at *25 (May 3, 2010). Under the AEDPA "...a federal court can grant an application for a writ of habeas corpus on behalf of a person held pursuant to a state-court judgment if the state-court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Yarborough v. Alvarado, 541 U.S. 652, 655 (2004). But even if my standard of review were de novo, I would agree with Judge Henry's assessment that Kaharick provided effective assistance of counsel.

IV

But this court cannot even reach petitioner's claims because they were never exhausted and are procedurally defaulted. See 28 U.S.C.§ 2254(b)(1)(A); Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir.2002). Proper presentation which will exhaust a claim requires presenting the facts and the legal basis for the claim to the Court of Common Pleas and to the Pennsylvania Superior Court. Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir.2004).

Petitioner, through Kaharick, exhausted the sufficiency of evidence claim on direct appeal. Petitioner, however, aside from an assertion that he was convicted only "for using the public roads." docket no. 4, Brief for Petitioner at 4, does not argue any sufficiency claims in this court. While notice pleading is sufficient in other civil cases, Rule 2(c) governing habeas corpus petitions requires a petitioner to "specify all grounds for relief available to petitioner" and "state the facts supporting each ground." See Mayle v. Felix, 545 U.S. 644, 649 (2005)(commenting on the heightened pleading requirements). Petitioner asserts his view of law and the history of his several criminal prosecutions in great and repetitive detail, but the time for petitioner to present that testimony and argument was at trial in 2002. See Herrera v. Collins, 506 U.S. 390, 400-01 (1993)(collecting cases). He cannot, by simply denying the legal effect of the jury verdict, obtain a re-examination of the evidence against him.

9

Petitioner failed to exhaust any claims on collateral attack. Although Judge Henry denied petitioner's PCRA petition on the merits, the Pennsylvania Superior Court found that the PCRA petition was untimely. Commonwealth v. Shelley, No. 540 WDA 2008, slip op. at 5-8 (Pa.Super. January 22, 2009). When a claim was not properly presented in the state court and state law now bars a petitioner from raising that claim in state court, the claim is considered procedurally defaulted, Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000), and cannot be heard by this court unless petitioner can could show "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[1] Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner alleges that Iseman was ineffective, but the ineffectiveness of counsel on collateral attack is not a cause external to the defense. See 28 U.S.C.§ 2254(i). Further, the filing was late before Iseman was

---

1. A showing of a miscarriage of justice will also excuse the procedural default of a claim, Schlup v. Delo, 513 U.S. 298, 316 (1995), but outside the unique capital punishment context, the miscarriage of justice exception requires new and reliable physical, scientific, or eyewitness evidence that would persuade any rational juror that the petitioner could not have committed the crime for which he was convicted. See Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir.2004). Repackaging trial testimony would not be sufficient, but petitioner does not even offer that. He asserts only that based on testimony he did not give at trial he is not guilty, regardless of the testimony that other witnesses did give at trial.

appointed, and Iseman, recognizing this, sought allocatur specifically on the ground that the Pennsylvania Supreme Court should toll the PCRA's statute of limitations because petitioner did not have counsel. It was a good, if unsuccessful, effort to extend Pennsylvania law in petitioner's favor. This court has no power to ignore the Superior Court's enforcement of Pennsylvania's reasonable procedural rules. See Beard v. Kindler, 130 S.Ct. 612 (2009)(federal court must respect even discretionary state rules barring consideration of federal claims). The petition must be dismissed.

V

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(2). When the denial of the petition is based on procedural grounds, the Supreme Court stated in Slack v. McDaniel, 529 U.S. at 484, that:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See also Perry v. DiGuglielmo, 169 Fed.Appx. 134, 136 (3d Cir.2006). Because there is no reasonable debate that on this record petitioner's claims are defaulted as well as meritless, no certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 27 My 2010

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Barry Shelley
364 Covered Bridge Road
Rockwood, PA 15557

Jerry Spangler, Esquire
Office of the District Attorney
Somerset County Courthouse
111 East Union Street, Suite 30
Somerset, PA 15501